IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JAY EDWARD WILLIAMS,** § | |
| § | |
| § | **CIVIL ACTION NO. 6:23-CV-00241-JDK** |
| **Petitioner,** § | |
| § | |
| v. § | |
| § | |
| **DIRECTOR, TDCJ,** § | |
| § | |
| § | |
| **Respondent.** § | |

**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

On May 8, 2023, Ronald Scott Good on behalf of Jay Edward Williams, an inmate in the Henderson County Jail, filed this petition for a writ of habeas corpus. (Doc. No. 1.) The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Doc. No. 2.) On May 10, 2023, the undersigned issued a deficiency order, which directed Ronald Good, the signatory and filer of Mr. Williams's petition, to file a response showing that he meets the requirements to file a habeas petition on behalf of Mr. Williams. (Doc. No. 3.) Alternatively, the order directed Mr. Williams to sign and re-file his petition himself. *Id.* The order also directed that the habeas petition be resubmitted on the court's standardized form. *Id.* On May 22, 2023, Ronald Good filed a response to the court's order. (Doc. No. 4.) Mr. Williams has not filed a response, nor has the petition been resubmitted on the court's standardized form.

Ronald Good's response fails to establish that he may file the petition on Mr. Williams's behalf in this case. As the court explained in its prior order, a non-lawyer acting on behalf of a prisoner "may not file a petition in every case in which the person actually detained might file a

1

petition." *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978) (per curiam). Rather, a non-lawyer may sign and file a habeas petition on behalf of someone else only when the petition "establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Id.* at 513–14. The petition must also "set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device." *Id.* at 514. For example, use of "next friend" may be appropriate due to "[i]nability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity." *Id.* at 514 n.4. The "next friend" has the burden to establish that his status is proper. *See Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990). Where these requirements are not satisfied, the court lacks jurisdiction to consider the petition. *See Weber*, 570 F.2d at 514.

Mr. Good's response fails to establish any interest that might provide a legal basis for him to file the petition on Mr. Williams's behalf. (Doc. No. 4.) Rather, the response ostensibly objects to the court's prior order and states that Mr. Good's "only relationship and 'interest' to the detained is to see that justice is served." *Id.* at 3. Further, Mr. Good's response offers no explanation as to why Mr. Williams could not sign and date his petition or why it was necessary for him to file the petition on his behalf. *Id.* As such, the court has no jurisdiction to consider the petition signed by Mr. Good and the petition should be dismissed without prejudice for lack of jurisdiction.

Accordingly, it is **RECOMMENDED** that the above-styled action be dismissed, without prejudice, for lack of jurisdiction. The court further recommends that Petitioner be denied a certificate of appealability, *sua sponte*—which refers to this case only and would not prevent refiling.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 30th day of June, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE